# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

| | |
|---|---|
| ROWAN FAMILY DENTISTRY, a Mississippi corporation, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) | 
| PRIVATE HEALTHCARE SYSTEMS (PHCS Multiplan), INC., a New York corporation, | ) ) ) ) |
| Defendant. | ) ) ) |

Case No.: 3:18cv188-NBB-RP

**CLASS ACTION COMPLAINT**

## CLASS ACTION COMPLAINT AND JURY DEMAND

**COMES NOW**, Rowan Family Dentistry. (hereinafter "Plaintiff" or "Rowan"), individually and on behalf of all others similarly situated and hereby file this Class Complaint against Private Healthcare Systems, Inc., (hereinafter "Defendant" or "PHCS") seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 221, as amended by the Junk Fax Prevention Act of 2005 (hereinafter "the Act"), and alleges the following:

### I.     PARTIES

1.     Plaintiff Rowan is a corporation organized and validly existing under the laws of Mississippi, and located in New Albany, Union County, Mississippi. Plaintiff Rowan is a resident of Mississippi, and operates a dentistry practice providing clinical and surgical oral and dental care in New Albany, Mississippi.

2. Defendant PHCS is a care management company that manages a network of healthcare providers and hospitals all across the nation. According to information and belief, Defendant PHCS has its principal place of business in New York, New York, is organized under the laws of the State of New York, and is a resident of the State of New York.

## II. JURISDICTION AND VENUE

3. This Honorable Court has jurisdiction over the subject matter of the federal claims asserted herein pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1332 (diversity jurisdiction), and pursuant to the Act.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), as this district is the District in which the Defendant Quintiles resides.

5. Defendant has purposely availed itself of this Honorable Court by conducting activities in this forum—namely, sending unsolicited facsimiles to Plaintiff and to putative class members.

## III. BACKGROUND

6. In 2009, the Junk Fax Prevention Act was signed into law, and served to amend the Telephone Consumer Protection Act of 1991, to prohibit fax transmissions containing unsolicited advertisements.

7. Specifically, the Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

8. An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any

person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

9. Numerous courts have held that individuals acting on behalf of a corporation may be held personally liable for violations of the Act where they had direct, personal participation in, or personally authorized, the conduct found to have violated the Act, or where they set company policy and oversaw day-to-day operations that violated the Act.

10. The Act provides a private right of action to enforce its provisions. 47 U.S.C. §227(b)(3).

## IV. FACTUAL OVERVIEW

11. According to information and belief, Defendant utilizes "fax blasting" activities to generate sales leads for its process validation and monitoring instruments and consumables.

12. Defendant's "fax blasting" activities include the transmission of thousands of unsolicited facsimiles throughout the country, including to facsimile machines located in the State of Mississippi, in an intentional and persistent course of conduct, to Plaintiffs and the putative class members.

13. Said activities, directed to Plaintiff's facsimile machines and other facsimile machines nationally, have violated certain provisions of the TCPA.

14. In 2017, Defendant faxed an advertisement to Plaintiff Rowan Family Dentistry, annexed hereto and incorporated herein as Exhibit A, advertising its incentives to participate in a network of healthcare providers and hospitals. The fax promotes the sale of Defendant's incentive program to recipients, like Plaintiff Rowan Family

Dentistry, from whom Defendant attempts to collect valuable information. Specifically, Defendant makes the following representations in the facsimile sent to Plaintiff: (1) "we are specialists in recruiting and placing full-time and part-time Physicians, Nurse Practitioners & Physician Assistants in this region and nationally, who are seeking positions with outstanding organizations"; (2) "Should you have current recruitment needs, I would be happy to email or fax a copy of a highly qualified candidate (or candidates) to you. Please feel free to fill out our form to discuss your current hiring needs"; (3) "We work on non-exclusive, contingency basis, which means that you only pay a fee if you hire our candidate. There is no charge to interview or review resume. You only pay for results"; (5) "We guarantee your satisfaction with our candidate for 60 days within which we will provide you with a free replacement (as long as you have paid our fee within 15 days of the original candidate's start date"; and (5) "Hiring our candidate constitutes acceptance of the fee and all other terms herein regardless of whether or not this agreement is signed and returned as requested;" (6) "We have a Nurse Practitioner with 10 years of experience with a License in your state that we are looking to place."

   15. In its facsimiles, Defendant PHCS supplies a form for the Plaintiff to fill out as a business agreement. As such, Defendant's facsimiles solicited the recipients' participation in a commercialized data collection program and were sent for explicitly commercial purposes.

   16. Furthermore, Defendant PHCS explicitly represented that the facsimiles were a promotion of Defendant's data collection product by asking the recipients to "save $500 on our service by filling out this form and faxing it to: (508)-762-5307)" through

which QPHCS would "set up an interview with the Nurse Practitioner, Physician Assistant or Physician at your convenience."

17. These representations, along with Defendant's seeking of personal and business information from the Plaintiff in the application and Defendant's offers of saving "$500 on service" for the recipients' participation, establish that (1) all said facsimiles were sent to new customers and not those who had an established business relationship, as that term is defined in the TCPA with Defendant PHCS; and (2) it was Defendant's intent to target those businesses with whom Defendant had no existing business relationship.

18. As a result of Defendant's unlawful issuance of facsimiles to Plaintiff and putative class members, Plaintiff and putative class members have suffered actual damages, in addition to statutory damages, as the conduct has intruded upon and occupied the capacity of their facsimile machines, depriving them of use of said machines, and forcing them to unnecessarily expend funds for paper and ink.

### V. PLAINTIFF'S CLASS ALLEGATIONS

19. Plaintiff adopt and incorporate herein by reference all allegations contained hereinabove.

20. Plaintiff bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of itself and a Class of similarly situated individuals, defined as follows:

Any and all individuals and entities, who or which, from 2013 to the present, received one or more unsolicited advertisements, advertising Defendant PHCS's network of healthcare providers and hospitals, via facsimile from Defendant.[1]

---

[1] Plaintiff reserves the right, if necessary, to amend or alter the class definition upon completion of discovery and notes "precedent … counsels that the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified." *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008).

21. The class is ascertainable. Specifically, it is manageable and administratively feasible to determine the companies and individuals to which Defendant issued the facsimiles.

22. The members of the Class are so numerous that joinder of all members is impracticable.

23. The Plaintiff's treatment by the Defendant and manner of injury is typical of the members of the Class. Specifically, each Plaintiff is (1) a recipient of an unsolicited commercial advertisement from the Defendant; and (2) has suffered injuries recognized by statute as a result of receiving said unsolicited commercial advertisement.

24. The Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel who are competent and experienced in class litigation. The Plaintiff have no interests that are adverse or antagonistic to the Class.

25. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the statutory damages suffered by many Class members may be small (namely $500 per violation), the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk faxing", as documented in the legislative record, is realized through the class action mechanism in this matter.

26. Common questions of law or fact exist as to all members of the Class, and predominate over any questions that only affect individual members of the Class. Among the questions of law or fact common to the Class are:

a. Whether Defendant is in violation of the Act?; and

    b. Whether Class members were recipients of unsolicited advertisements via facsimile?

27. The Plaintiff know of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

28. Notice can be provided to the Class members via First Class U. S. mail, notice by publication, facsimile notice, e-mail notice, or other appropriate means as may be directed by the Court.

## COUNT I
## DEFENDANT'S VIOLATION OF THE
## THE ACT- UNSOLICITED FACSIMILES AND FAILURE TO
## INCLUDE AN OPT-OUT PROVISION

29. Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove. The Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

30. The Defendant did not have an Established Business Relationship (hereinafter "EBR"), as that term is defined by the Federal Communications Commission or in Act, with the Plaintiffs. A true and correct copy of the Unsolicited Facsimile received by Plaintiff is annexed hereto as Exhibits A and B. In said facsimiles, the Defendant provides explicitly that it is a program to "collect[] feedback on pharmaceutical rep visits" in exchange for merchandise and gift cards. Ex. A; Ex. B. The facsimiles did not include any of the opt-out language required by the Act.

31. Said transmission of the Unsolicited Facsimiles, as provided for in Exhibit A and Exhibit B, was made without the consent of the Plaintiff, and according to information and belief, without the assent of the putative class members.

32. According to information and belief, Defendant's facsimile machines, computers, and other devices are utilized to send unsolicited and unauthorized promotions to putative class members across the United States to secure sales within the United States, including within the State of Mississippi.

33. As a result of said conduct, Plaintiffs and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C. §227(b)(3).

34. Defendant's actions, and/or those of their agents, have shown that Defendant willfully or knowingly violated the TCPA. As such, Plaintiffs and putative class members are entitled to treble statutory damages pursuant to 47 U.S.C. §227(3)(c). Plaintiffs and putative class members are also entitled to the creation of a Defendant-funded and Court-supervised, whether by the Court or a master appointed thereby, monitoring and compliance mechanism to ensure Defendant's compliance with the Act.

## COUNT II
## DECLARATORY JUDGMENT

35. Plaintiff adopt and incorporate each and every allegation set forth above as if fully set forth herein.

36. Defendant has engaged in the practice of sending or causing to be sent unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine owned and controlled by Plaintiffs and others similarly situated.

37. There is a substantial and continuing controversy between Defendant and Plaintiff, and all others similarly situated, and a declaration of rights is both necessary and appropriate as to whether or not Defendant's faxes violate the Telephone Consumer Protection Act, and regulations and rules enacted thereunder.

## COUNT III
## INJUNCTION

38. Plaintiff adopt and incorporate each and every allegation set forth above as if fully set forth herein.

39. Defendant's practice of sending, or causing to be sent, unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine, computer, or other device owned and controlled by Plaintiff, and other similarly situated individuals and/or entities, will continue to cause Plaintiff and others similarly situated to be damaged by causing the computer, facsimile machine, or other device to be rendered unavailable for legitimate business messages or facsimiles, to cause Plaintiff and others similarly situated to waste time reviewing Defendant's unsolicited advertisement, as well as wasting materials of Plaintiff and others similarly situated, such that final injunctive relief prohibiting Defendant's practice of sending, or causing to be sent, unsolicited advertisements is appropriate.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully pray that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

A. Certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

B. Declare that the Defendant's practice of sending unsolicited facsimiles to telephone facsimiles nationwide is in violation of the Act;

C. Award to the Plaintiff, and putative class members, damages under the Act, or other such applicable laws;

D. Award to the Plaintiff, and putative class members, the cost of this matter, including reasonable attorneys' fee;

E.	Issue a permanent injunction enjoining the Defendant from sending facsimiles in a nature which is violative of the Act; and

F.	Award to the Plaintiff and the putative class members such other, further and more general relief, as the Court may deem appropriate under these circumstances.

RESPECTFULLY SUBMITTED, this the __5th__ day of September, 2018.

/s/ L.N. Chandler Rogers

L.N. Chandler Rogers

**OF COUNSEL:**
L.N. Chandler Rogers
**ROGERS LAW GROUP**
201 E Bankhead Street
New Albany, Mississippi 38652
T: 662-538-5990
F: 662-538-5997
E: chandler@rogerslawgroup.com
MS Bar ID: 102543

Winston B. Collier
**THE COLLIER FIRM**
2090 Old Taylor Road
Oxford, Mississippi 38655
T: 870-347-2100
F: 870-347-1164
E: winston@thecollierfirm.com
MS Bar ID: 105461

Gregory M. Zarzaur
**ZARZAUR MUJUMDAR & DEBROSSE-TRIAL LAWYERS**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205-983-7985
F: 888-505-0523
E: Gregory@zarzaur.com
MS Bar ID: 100207

**SERVE BY CERTIFIED MAIL**

        */s/ L.N. Chandler Rogers*
        L.N. Chandler Rogers